# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

Randy Parks and Mary Parks,

        Plaintiffs,                      Case No. 2:25-cv-00064

v.                                          NOTICE OF REMOVAL

Select Portfolio Servicing, Inc.,

        Defendant.

**TO:    MOUNTAIN STATE JUSTICE, INC. COUNSEL FOR PLAINTIFF**

YOU ARE HEREBY NOTIFIED THAT pursuant to 28 U.S.C. §§ 1332, Defendant Select Portfolio Servicing, Inc. ("SPS"), hereby removes the above-referenced action previously pending in the Circuit Court of Fayette County, West Virginia, as Civil Action No. CC-10-2025-C-1, to the United States District Court for the Southern District of West Virginia, Charleston Division, on the following grounds:

## I.    COMMENCEMENT OF THE ACTION

This action was instituted by the Plaintiffs Randy Parks and Mary Parks ("Plaintiffs") against Defendant by the filing of a Summons and Complaint ("Complaint") on January 3, 2025.[1] According to the face of the Complaint, Plaintiff seeks a stay of foreclosure proceedings plus an additional sum of money for alleged tortious interference with contract. (*See* Compl. ¶ 1.) This matter is being removed within 30 days of it being served on Defendant.

---

[1] Pursuant to 26 U.S.C. 1446(b), this Notice of Removal is timely filed within thirty days of the case becoming removable and within one year of the date of commencement of the action.

## II.   PLEADINGS AND NOTICE TO STATE COURT

A true and correct copy of all process and pleadings served upon Defendant are attached hereto as "Exhibit A" and are being filed with this Notice of Removal. A true and correct copy of the state court docket sheet from the circuit court in Plaintiff's State Court Civil Action is attached as "Exhibit B". A copy of this Notice of Removal has been provided to the Clerk of Court for the Circuit Court of Fayette County, West Virginia.

## III.   STATUTORY BASIS FOR JURISDICTION

This action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1332(a). This statute provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). This statute permits Defendants to remove the State Court Action from West Virginia state court to this Court. Plaintiff filed the State Court Action in the Circuit Court of Fayette County, which is located in this Court's district and division. Thus, venue properly lies in the United States District Court for the Southern District of West Virginia, Charleston Division, for purposes of this Notice of Removal.

**A.  This Court also has diversity jurisdiction over this matter under 28 U.S.C. § 1332.**

As required by 28 U.S.C. § 1332(c)(1), this action involves a controversy between citizens of difference States. Plaintiff is a resident of Fayette County, West Virginia. (Compl. ¶ 2.) Defendant SPS is a Utah corporation with its principal place of business in Utah. (Compl. ¶ 3.) Therefore, there is complete diversity of citizenship among the parties.

Furthermore, the amount in controversy exceeds $75,000. In the Fourth Circuit, "the test for determining the amount in controversy in a diversity proceeding is 'the pecuniary result to either party which [a] judgment would produce.'" *Dixon v. Edwards*, 290 F.3d 699, 710-11 (4th

Cir. 2002). Importantly, "the appropriate measure is not the amount of damages Plaintiff[] will ultimately recover, but rather the *alleged* amount in controversy." *Hardig v. Certainteed Corp.*, No. 3:11CV535, 2012 U.S. Dist. LEXIS 15852, at *3 (W.D.N.C. Feb. 9, 2012) (emphasis added). If the removing party establishes by a preponderance of the evidence that more than $75,000 is in controversy, the district court must exercise its jurisdiction. *Perilli v. Nationwide Mut. Ins. Co.*, No. 5:10-cv-56, 2011 U.S. Dist. LEXIS 64779, at *9 (N.D. W. Va. June 17, 2011); *see also Gum v. Gen. Elec. Co.*, 5 F. Supp. 2d 412, 415 (S.D. W. Va. 1998) ("It is well-established federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'" (citation omitted)).

When determining the amount in controversy, the Court should consider the "cause of action as alleged in the complaint and any amendments thereto, the notice of removal filed with a federal court, and other relevant materials in the record." *Miller v. Bank of America*, No. 1:10-cv-213, 2011 WL 2429350, at *1 (N.D. W. Va. June 13, 2011). Separate claims for relief by a plaintiff in a single cause of action may be combined and aggregated together to meet the amount in controversy requirement "even if no individual claim exceeds the jurisdictional amount." *Long & Foster Real Estate, Inc. v. NRT Mid-Atlantic, Inc.*, 357 F. Supp. 2d 911, 920 (E.D. Va. 2005); *see also Massey v. Green Tree Servicing, LLC*, No. 5:10-cv-533, 2011 U.S. Dist. LEXIS 34929 (S.D. W. Va. Mar 30, 2010). Additionally, a plaintiff's demand for actual damages, punitive damages, equitable relief, and attorneys' fees should be considered by the Court in determining the amount in controversy. *See, e.g.*, *Maxwell v. Wells Fargo Bank, N.A.*, No. 2:09-CV-500, 2009 WL 3293871, at *3-5 (S.D. W. Va. Oct. 9, 2009) (including actual damages, and attorneys' fees in the calculation of the jurisdictional amount in controversy); *Weddington v. Ford Motor Credit Co.*, 59 F. Supp. 2d 578, 584-85 (S.D. W. Va. 1999) (including actual damages, punitive damages, and attorneys' fees as part of the amount in controversy).

Plaintiff asserts a state law cause of action for tortious interference with contract. (*See generally* Compl.) Under Count I, Plaintiff requests actual damages, punitive damages, costs, attorney's fees, and a stay prohibiting foreclosure on his home. (*See* Compl. ¶¶ 19 – 27.) Should

the Plaintiff be awarded such affirmative relief, that amount could prospectively equate to much more than the $75,000 threshold. *See Horton v. Liberty Mut. Ins. Co.,* 367 U.S. 348, 353, 81 S. Ct. 1570, 1573, 6 L. Ed. 2d 890 (1961) (holding that the amount in controversy is satisfied unless it appears to a legal certainty that the claim is really for less than the jurisdictional amount).

The Complaint sets forth the current principal balance of the loan as $60,285. (Compl. ¶ 8.)  Furthermore, because this case seeks to prevent the foreclosure of Plaintiffs' home, the home value itself is part of the amount in controversy.[2]  *See Winnell v. HSBC Mortg. Servs., Inc.*, No. 2:11-CV-00561, 2011 WL 5118805, at *2 (S.D.W. Va. Oct. 28, 2011) (holding that if a bank "is unable to enforce [a] loan, it stands to lose at least the outstanding balance of the loan"); *Lee v. Citimortgage, Inc.*, 739 F. Supp. 2d 940, 946 (E.D. Va. 2010) (noting that the relevant inquiry is the cost to defendant of complying with any prospective equitable relief the plaintiff seeks).

### IV.    REQUEST FOR BRIEFING AND ORAL ARGUMENT

The amount in controversy here exceeds $75,000, and this Court has diversity jurisdiction over Plaintiff's claims.  28 U.S.C. § 1332.  In the event any question arises as to the propriety of the removal of this matter, SPS requests the opportunity to present briefs, oral argument, and if necessary, affidavits and other evidence in support of its position that removal is proper, in accordance with *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547 (2014) and *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192 (4th Cir. 2008).

WHEREFORE, SPS hereby removes this matter from the Circuit Court of Fayette County, West Virginia to the United States District Court for the Southern District of West Virginia, Charleston Division based on diversity jurisdiction.  *See* 28 U.S.C. § 1332.

---

[2] At the time of this filing, Plaintiffs' home at 783 Saturday Road, Victor, West Virginia carries an estimated value of $101,300. See https://www.zillow.com/homedetails/783-Saturday-Rd-Victor-WV-25938/22426029_zpid/

Respectfully submitted,

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: s/*Matthew D. Patterson*
    Matthew D. Patterson
    WV Bar No. 11566
    E-Mail: matt.patterson@nelsonmullins.com
    1320 Main Street / 17th Floor
    Post Office Box 11070 (29211-1070)
    Columbia, SC  29201
    (803) 799-2000

*Counsel for Defendant Select Portfolio Servicing, Inc.*

Columbia, South Carolina

Dated:  February 3, 2025.