IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

RANDY PARKS and MARY PARKS,

        Plaintiffs,

v.                                                CIVIL ACTION NO.   2:25-cv-00064

SELECT PORTFOLIO SERVICING, INC.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *Defendant Select Portfolio Servicing, Inc.'s Motion to Dismiss Count I of Plaintiffs' Amended Complaint* (Document 17), *Defendant Select Portfolio Servicing, Inc.'s Memorandum in Support of Its Motion to Dismiss Count I of Plaintiffs' Amended Complaint* (Document 18), the *Plaintiffs' Memorandum of Law in Opposition to Partial Motion to Dismiss Count I of Amended Complaint* (Document 23), *Defendant Select Portfolio Servicing, Inc.'s Reply in Support of Its Motion to Dismiss Count I of Plaintiffs' Amended Complaint* (Document 26), the *Amended Complaint* (16), and all attached exhibits.   For the reasons stated herein, the Court finds that the motion to dismiss must be granted.

**FACTUAL ALLEGATIONS**

The Plaintiffs are Randy and Mary Parks, who inherited a family home in Victor, West Virginia, from Mr. Parks' parents in 1993.   On December 6, 1997, the Plaintiffs entered a debt consolidation loan with Household Finance ("Household").   Four days later, on December 10, Household refinanced a subsequent mortgage of $52,000 for the Plaintiffs, which was secured by

the Victor home. In July 2022, the mortgage was assigned to Defendant Select Portfolio Servicing, Inc. The Defendant is responsible for servicing the loan and collecting the Plaintiffs' payments on behalf of the holder of the loan, Wilmington Savings Fund Society, FSB ("Wilmington").

In 2024, the Plaintiffs experienced hardships that made it difficult to make their house payments. The Defendant referred the Plaintiffs' loan for foreclosure in November 2024. The Plaintiffs then contacted the Defendant to ask about home retention options, and allege they had the willingness and ability to make their monthly loan payment. They first asked the Defendant for a reinstatement quote in mid-November 2024. Over the next six weeks, the Plaintiffs repeatedly requested a reinstatement quote from the Defendant. Their requests went unanswered.

The Defendant set a foreclosure sale for January 6, 2025. On December 26, 2024, the Defendant provided a reinstatement quote of $4,763.40 to the Plaintiffs. The following day, the Plaintiffs received an email from the Defendant's foreclosure trustee quoting reinstatement at more than $5,300 and setting a payment deadline of January 3, 2025. Ultimately, the loan was foreclosed.

The Plaintiffs filed suit on January 3, 2025, in the Circuit Court of Fayette County. The Plaintiffs allege the following causes of action: Count I – Tortious Interference with Contract; Count II – Unconscionable Debt Collection; Count III – Misrepresentations; and Count IV – Illegal Debt Collection and Fees. The action was removed to this Court on February 3, 2025. The Defendant now moves to dismiss Count I for failure to state a claim.

## STANDARD OF REVIEW

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint or

pleading. *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Moreover, "a complaint [will not] suffice if it tenders naked assertions devoid of further factual enhancements." *Iqbal,* 556 U.S. at 678 (*quoting Twombly,* 550 U.S. at 557) (internal quotation marks omitted).

The Court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Iqbal,* 556 U.S. at 679. Furthermore, the court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

3

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 570). A plaintiff must, using the complaint, "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557). "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

## DISCUSSION

The Defendant argues that the Plaintiffs have failed to properly allege a claim of tortious interference with a contract because it cannot interfere with its principal's contract. It asserts that this rule is widely recognized, including in this District. The Defendant states that while an agent acting outside of its scope of authority is an exception to this general rule, the Plaintiffs do not make such an allegation. Thus, it contends dismissal of Count I is required.

In response, the Plaintiffs argue they are not required to plead specific facts setting forth how the Defendant acted outside its scope of authority, and that a pleading standard requiring them to allege the details of an agency agreement between the Defendant and its principal is improper. Further, the Plaintiffs contend it is facially plausible that the Defendant's interference and alleged violation of industry standards exceeded its authority, and that the Defendant's actions were adverse to the principal's interests. They assert that the delayed and conflicting reinstatement

quotes, as well as the failure to consider other home retention options resulted in the Defendant interfering with their contractual right to reinstate their loan.

The Defendant replies that the Plaintiffs made no allegations it acted outside the scope of its authority. Rather, the Defendant argues that the factual allegations set forth in the Amended Complaint demonstrate the Plaintiffs' understanding that the Defendant is an agent acting within the designated scope of duties undertaken by a typical agent mortgage servicer.

The West Virginia Supreme Court of Appeals has established the following elements for a plaintiff to set forth a prima facie case for tortious interference with a contract or business relationship: "(1) existence of a contractual or business relationship or expectancy; (2) an intentional act of interference by a party outside that relationship or expectancy; (3) proof that the interference caused the harm sustained; and (4) damages." Syl. Pt. 5, *Hatfield v. Health Mgmt. Assocs. of W. Virginia*, 672 S.E.2d 395, 398 (W. Va. 2008). Further, "[i]t is impossible for one party to a contract to maintain against the other party to the contract a claim for tortious interference with the parties' own contract." *Id.* at Syl. Pt. 6.

An agent is generally incapable of committing tortious interference with its principal's contract. *See Stoler v. PennyMac Loan Servs.*, No. 2:18-cv-988, 2019 WL 691406, at *5 (S.D. W. Va. Feb. 19, 2019) (Copenhaver, J.) (citing *Hanson v. Amerihome Mortg. Co., LLC*, No. 2:17-cv-03691, 2017 WL 6626328, at *7 (S.D. W. Va. Dec. 28, 2017) (Johnston, J.)). However, an agent acting outside of the scope of its employment or authority is excepted from this general rule. *Hatfield*, 672 S.E.2d at 403; *see also Hanson*, 2017 WL 6626328, at *7 (tortious interference with contract claim dismissed for failure to allege a defendant loan servicer acted outside the scope of its authority).

5

The Court finds that Count I must be dismissed. Although the Plaintiffs suggest in their responsive briefing that the Defendant's actions exceeded its scope of authority as Wilmington's agent, no factual allegations of that nature appear in the Amended Complaint, even when drawing reasonable inferences in their favor. Rather, the factual allegations in the Amended Complaint demonstrate that the Defendant's actions were undertaken in its rightful capacity as an assignee mortgage servicer.[1] Therefore, the Court finds that the motion must be granted.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that *Defendant Select Portfolio Servicing, Inc.'s Motion to Dismiss Count I of Plaintiffs' Amended Complaint* (Document 17) be **GRANTED** and that Count One be **DISMISSED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: August 18, 2025

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

---

1 While the Amended Complaint alleges that the Defendant's interference with the contract was "in bad faith, intentional, reckless and/or wanton," the Defendant is a party to the contract as the principal's agent. (Document 16 at 8). It is axiomatic that a party to a contract, including a party's agent, cannot interfere with its own contract. *Cavcon, Inc. v. Endress ± Hauser, Inc.*, 557 F. Supp. 2d 706, 725 (S.D.W. Va. 2008) (Copenhaver, J.) (citing *Rao v. Rao*, 718 F.2d 219, 225 (7th Cir. 1983)).